**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**LAWRENCE TYPOGRAPHICAL UNION NO. 570 a/w International Typographical Union, AFL–CIO, Respondent.**

No. 8851.

United States Court of Appeals Tenth Circuit.

Nov. 4, 1968.

Paul J. Spielberg, Washington, D.C., (Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Associate General Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, and Linda R. Sher, Washington, D.C., with him on the brief) for petitioner.

George Kaufmann, Washington, D.C., (Gerhard P. Van Arkel, Washington, D. C., and Stanley D. Rostov, Kansas City, Mo., with him on the brief) for respondent.

Before LEWIS, BREITENSTEIN and HICKEY, Circuit Judges.

PER CURIAM.

This is at least the fifth time that aspects of this persistent dispute between the National Labor Relations Board and respondent have reached this court. The factual background of the case and principal substantive claims of the parties are set out in an earlier opinion, NLRB v. Lawrence Typographical Union No. 570, 376 F.2d 643. We then remanded the case "for a hearing on the respondent's charge that the Company offered super-seniority to its strike replacements." Id. at 654. The Board conducted such a hearing, determined that the Company (Kansas Color Press) had made no such offer in violation of the National Labor Relations Act and reaffirmed a Board order dated June 6, 1966 in which it held that the Union had violated § 8(b) (7) (B) of the Act and ordered the Union to cease and desist from picketing the Company for a period of twelve months; "such period to begin to run from the date the picketing is terminated." The Board again seeks enforcement of its order. Respondent again resists, making the multiple assertions that:

1. The Board erred in finding that the Company had not offered super-seniority to its strike replacements.

2. The Board improperly limited the issues on remand.

3. The Board order should not be enforced because the Union has already complied with the order.

■■ The record fully supports the Board's finding that the claimed Company offer of super-seniority had been "clearly and unequivocally" withdrawn by the Company long before the subject election was held. Although in our earlier opinion we indicated that an offer of super-seniority has aspects of continuing inducement we gave no comfort to respondent's present argument that such an offer cannot be effectively withdrawn and its original effect completely dissipated as an unlawful influence upon an election.

■ Nor do we find merit to respondent's contention that the Board abused its broad discretionary powers in refusing to reopen its supplementary hearing to consider a claim to newly discovered evidence probing an issue not suggested as improperly determined in our remand. We do not question the authority of the Board to have extended the scope of the supplementary hearing to any degree necessary or desirable to further the purposes of the National Labor Relations Act. The Board is charged with the primary authority and duty to administer the Act and our decision did not carry the limitations or authority of a specific judicial mandate. But the Board here determined that the proffered evidence would not change its original decision and that it was not bound to reopen the case under such a circumstance. We agree.

Some of the general contentions made by petitioner in argumentative support of the claim that enforcement should be denied because the Union has not been engaged in picketing in contravention of the Board order were considered and rejected as set forth in Part IV of our earlier opinion. Lawrence Typographical Union No. 570, supra at 653–654. All of the specific claims of petitioner on this aspect of the case were fully briefed and presented to this court in supplemental proceedings brought by the Board for injunctive relief pendente lite. We granted such relief by order dated March 12, 1968, in denial of merit to petitioner's resistance, and have twice since filed orders of clarification and modification. We see no need to give the matter further consideration.

The order of the Board will be enforced, the period of restraint to be one year from March 13, 1968, the date upon which the Union refrained from picketing.